IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRYAN AMBELANG,

               Plaintiff,                        OPINION AND ORDER

     v.

                                                   15-cv-590-wmc

CAROLYN W. COLVIN, Acting Commissioner
of Social Security

               Defendant.

Plaintiff Bryan Ambelang appeals the Social Security Administration's denial of his application for social security disability insurance benefits ("DIB"). Before the court is plaintiff's motion to remand this case for a second time pursuant to 42 U.S.C. § 405(g), Sentence Six. (Dkt. #8.)[1] That provision allows for remand to the Commissioner of Social Security for further action, including review of new evidence. Here, plaintiff contends that the record submitted in this appeal is incomplete, since certain exhibits were included in the hearing record on remand but were not included in the appeal transcript. (Duncan Aff. (dkt. #10) ¶ 3; *see also id.*, Exs. A-E (dkt. ##10-1 to 10-5) (attaching purported missing documents).) Alternatively, plaintiff moves for an order directing that the record be corrected.

The Commissioner opposes either alternative, explaining in great detail that the exhibits in question concerned Ambelang's application for social security supplemental income ("SSI"), not social security disability insurance benefits. While the ALJ held a

---

[1] Claimant previously appealed a denial of social security benefits. The court vacated and remanded that denial for further administrative proceedings. Plaintiff was again denied benefits, and this case seeks review of that second denial.

*joint* hearing on plaintiff's SSI and DIB applications, the latter on remand from this court, defendant represents in its opposition that "the ALJ made clear . . . the SSI exhibits were marked with a 'B' to designate them as the exhibits for the subsequent [SSI] application." (Def.'s Opp'n (dkt. #11) 2 (citing AR 504).) This is confirmed by the ALJ's own words in the relevant portion of the hearing transcript itself:

> You'll notice the exhibits in the disability insurance claim are essentially sequentially numbered[.] [T]he documents in the SSI claim have a B, meaning there was a subsequent claim filed, and therefore they have also sequentially numbered, but they start with a B in front of them. To mix the two together would also be a systems issue in addition to the somewhat different issue in the sense that the Title II case would require disability to be established on or before September 30th of 2007. Therefore, we do have two distinct electronic files, certified electronic files, in this case. But, for the convenience of the participants today and for efficiency's stake, I'm going to hold one hearing today and address both issues, but there are two discrete exhibit files in this case.

(*Id.*)

Moreover, plaintiff acknowledges through his counsel's affidavit to this court that the five exhibits he seeks to include in the DIB appellate record all have a "B in front of them." (Duncan Aff. (dkt. #10) ¶ 3 (listing "Exhibits B1D to B6D, B1E to B12E and B1F to B28F").) Unlike plaintiff's appeal of his second DIB denial, however, plaintiff chose *not* to appeal the ALJ's original denial of his SSI application through the administrative remedies process. Accordingly, plaintiff failed to exhaust his SSI claim, and the Commissioner appears to be arguing that allowing review of the denial of his DIB application with reference to exhibits not part of the administrative record of *that* application would effectively work an end-run around the exhaustion requirement.

2

The court need not reach the Commissioner's implicit exhaustion argument, since the record shows unambiguously that the exhibits at issue in this motion were neither part of the record of the DIB application, nor excluded from the record on appeal due to a simple oversight or mistake.  For this reason, plaintiff would now need to demonstrate "good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C § 405(g).  Here, plaintiff offers no cause, much less good cause. Since the ALJ's treatment of the DIB records was explained straightforwardly to plaintiff and his counsel during the evidentiary hearing -- the same counsel representing him in this appeal (and in the original appeal to this court) -- *and* plaintiff failed to ensure that these exhibits were made part of the prior proceeding *or* explain his basis for failing to do so, the court will deny his present motion.

This motion for remand was filed after the Commissioner answered and filed the record, but before plaintiff's opening brief was due.  That deadline has since passed with no brief filed, presumably (and not unreasonably) because plaintiff believed a decision on the motion to remand was necessary before submitting his opening brief on appeal. Having now denied the motion for remand, therefore, the court resets briefing on the appeal in the order below.

ORDER

IT IS ORDERED that:

1) Plaintiff Bryan Ambelang's motion to remand to social security (dkt. #8) is DENIED;

3

2) Plaintiff's opening brief is now due May 25, 2016; the brief in opposition is due July 25, 2016; and the brief in reply, if any, is due August 25, 2016.

Entered this 11th day of May, 2016.

BY THE COURT:


/s/

_____
WILLIAM M. CONLEY
District Judge