IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRYAN AMBELANG,

       Plaintiff,       OPINION AND ORDER

 v.

                        15-cv-590-wmc

NANCY BERRYHILL, Acting Commissioner
of Social Security,

       Defendant.

   This is the second time that plaintiff Bryan Ambelang has sought judicial review under 42 U.S.C. § 405(g) regarding the denial of his August 25, 2009 application for Social Security Disability Insurance (SSDI) benefits. Sadly, for all concerned, including overburdened administrative law judges dealing with a deluge of SSDI claims, the court must again reverse and remand.

   A few background facts are necessary to understand plaintiff's current appeal. Ambelang claims that he was disabled as result of bipolar disorder between an onset date of August 1, 2007 and his last-insured date of September 30, 2007. Administrative law judge ("ALJ") Lisa Groeneveld-Meijer, who initially decided plaintiff's case in 2011, originally found that plaintiff was impaired by bipolar disorder and had a history of drug and alcohol abuse, but retained the residual functional capacity (RFC) to perform work in the national economy. (AR 17-26.) Plaintiff filed an appeal of that decision in this court, *Ambelang v. Colvin (Ambelang I)*, case no. 12-cv-805-wmc (Nov. 7, 2012), and while the appeal was pending, also filed a separate application for Supplemental Security Income (SSI) on March 8, 2013 (AR 755).

   This court remanded the SSDI decision in 2014 for further development of the record as to a specific limitation in the RFC assessment. *See Ambelang I*, 12-cv-805 (dkt.

#19).  At the direction of the Appeals Council, ALJ Chris Gavras held a joint hearing on the SSDI denial and the new SSI application on remand (AR 755), but the ALJ ultimately decided not to consolidate the SSDI and SSI cases for administrative reasons (AR 502-04).  In a written decision dated June 26, 2015, the ALJ instead denied plaintiff's SSDI application on the ground that he did not have any severe impairment during the relevant time period.  (AR 489-93.)  Almost a month later, on July 17, the ALJ denied plaintiff's SSI application in a separate written decision.  (Dkt. #12, exh. #6 at 1-2.)

In his current appeal from the ALJ's June 2015 SSDI decision, plaintiff claims error in the following respects:  (1) failing to rule on plaintiff's later-filed application for SSI at the same time he ruled on the SSDI application; and (2) not adopting ALJ Groeneveld-Meijer's finding of severe impairments on remand in violation of the "law of the case" doctrine.  Regarding the first issue, plaintiff renews an argument that he made in his earlier motion for remand on January 11, 2016 (dkt. #8) -- that defendant should have provided this court with the administrative record related to his SSI application.  This court denied that motion on May 11, 2016, finding the SSI record could not be part of the appellate record because plaintiff failed to exhaust his SSI claim.   (Dkt. #13.)

With respect to plaintiff's first challenge, the court confirms its earlier ruling that plaintiff failed to exhaust his administrative remedies with respect to his SSI application by failing to appeal from its denial, which prevents this court from reviewing the ALJ's decision not to consolidate the SSI and SSDI cases.  Regarding plaintiff's second challenge, however, the court finds that ALJ Gavras did not adhere to the law of the case in (1) making new step 2 findings, rather than adhering to his colleague's earlier determination of plaintiff's severe impairments and (2) ignoring the court's order to reconsider the previous

RFC assessment. Accordingly, the court again remands the June 2015 SSDI decision for further development of the record *solely* with respect to the assessment of plaintiff's RFC.

OPINION

A. **Consideration of SSI Application**

While plaintiff faults ALJ Gavras for not ruling on his SSI application in the same decision denying his SSDI application, the ALJ explained during the April 24, 2015, hearing on remand that even though plaintiff had both SSI and SSDI applications pending with unfavorable determinations, the two files could not be merged physically due to "system limitations," and that the records for the SSDI application were numbered separately from those for the SSI application. (AR 502-04.) The ALJ further explained that "I'm going to hold one hearing today and address both issues, but there are two distinct exhibit files in this case." (AR 504.)

Consistent with his statements at the hearing, the ALJ issued a written decision on June 26, 2015, addressing only the SSDI application and not the SSI application, with instructions that he may appeal the decision in federal court without first exhausting his administrative remedies with the Appeals Council. (AR 483-493.) *See* 20 C.F.R. § 404.984(d) ("If no exceptions are filed [by claimant in case previously remanded by federal court] and the Appeals Council does not assume jurisdiction of [the] case," the decision is final and subject to federal judicial review.). The ALJ denied plaintiff's SSI application in a separate written decision issued on July 17, 2015, which formally advised plaintiff that he must file a written appeal with the Appeals Council within 60 days or the decision would become final with no right to a federal appeal. (Dkt. #12, exh. #6 at 1-2.) While plaintiff

3

filed a direct appeal of the ALJ's SSDI decision in this court on September 15, 2015 (dkt. #1), he did *not* appeal the denial of his SSI application to the Appeals Council as instructed. As this court explained in its May 2016 order denying plaintiff's earlier-filed motion for remand, plaintiff waived his right to a federal appeal as to his SSI application by failing to exhaust his administrative remedies.

In his reply brief, plaintiff asks that this court reconsider its May 2016 ruling on the grounds that the SSA did not follow usual policy, as spelled out in the Hearings, Appeals and Litigation Law Manual ("HALLEX"), that the Appeals Council will consolidate prior and subsequent claims concerning an overlapping period of disability. *See* https://ww/ssa.gov/OP_Home/hallex/I-4-2-101.html. However, this court does not have jurisdiction or authority to order the consolidation of the two cases, since again the SSI case is not properly before it. If plaintiff had a problem with the two files not being merged, he should have appealed the SSI denial to the Appeals Council and raised the issue at that time. He has given *no* explanation for his failure to ignore clear instructions from the ALJ and file an appeal of the July 2015 SSI decision with the Appeals Council, which is only more perplexing given that plaintiff filed his direct appeal from the SSDI decision almost 2 months *after* receiving the unfavorable SSI decision. Accordingly, this court finds that: it was not reversible error for the ALJ to issue separate written decisions on plaintiff's SSI and SSDI applications, and defendant did not hamper judicial review by omitting documents associated with the SSI claim in filing the administrative record in this court.

### B. Law of the Case

Plaintiff also faults ALJ Gavras for not adopting the step 2 findings made earlier in this case by ALJ Groeneveld-Meijer, who found that plaintiff was impaired by bipolar disorder and a history of drug and alcohol abuse. In support of his challenge, plaintiff points out correctly that in remanding the first decision by Groeneveld-Meijer, the court did not find fault with her step 2 finding and ordered only reconsideration of the RFC. Plaintiff argues that without regard to the reasons that ALJ Gavras gave for his decision, the failure to adhere to the first ALJ's finding violates the "law of the case" doctrine.

The parties agree that the law of the case doctrine requires "the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998). "While a mandate is controlling as to matters within its compass, on remand the lower court is free as to other issues." *Sprague v. Ticonic National Bank*, 307 U.S. 161, 168 (1939) (finding that issue in case was not impliedly covered by original decree or mandate); *see also Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998) ("[I]t is essential to determine what issues were actually decided in order to define what is the 'law of the case.'"). "Observations or commentary touching upon issues not formally before the reviewing court do not constitute binding determinations." *Creek*, 144 F.3d at 445 (citing *Quern v. Jordan*, 440 U.S. 332, 347 n. 18 (1979).

In its 2014 remand order, this court stated that "[a]lthough the ALJ is free to reweigh the evidence further, it would seem that there is substantial evidence in the record to require an express limitation on Ambelang's ability to interact with supervisors." (AR

746.) The government argues that the ALJ did not depart from this court's remand decision because the court expressly stated that he may reweigh the evidence.

This court is not persuaded by defendant's argument. On remand, this Court directed the ALJ to reconsider how Ambelang's limitations in concentration, persistence and dealing with supervisors translated to the RFC and hypothetical question. *Ambelang I*, 12-cv-805 (dkt. #19). Implicit in this holding was the court's intent to uphold the finding that Ambelang had a severe mental impairment. *See Quern*, 440 U.S. at 347 n. 18 (lower court's decision on issue on remand not inconsistent with "either the spirit or express terms of our decision"). This court's reference to reweighing the evidence was intended only to allow the ALJ to consider whether there was substantial evidence in the record requiring an express limitation on Ambelang's ability to interact with supervisors.

While "[n]ew evidence can furnish compelling grounds for departure from a previous ruling," *White*, 153 F.3d at 803, defendant has not argued ALJ Gavras was presented with such powerful "new" medical evidence, or indeed any new evidence, that would render the former decision as to plaintiff's severe impairments incorrect or obsolete. Indeed, ALJ Gavras considered the same medical record before ALJ Groeneveld-Meijer and merely reached a contrary conclusion about whether it supported a finding of severe impairment.[1]

---

[1] ALJ Gavras appears to have based his finding of no severe impairment on what he characterizes as a sparse medical record between 2006 and 2008, showing that plaintiff did not seek treatment for bipolar disorder during that time. (AR 489-90.) While the court questions the ALJ's reasoning in light of plaintiff's significant history of bipolar disorder, depression, and ADHD -- both before and after the short time period at issue in this case -- it will not address the merits of the ALJ's decision since the parties have not done so.

Accordingly, the court will remand with instructions that the ALJ honor the law of the case and reconsider only plaintiff's RFC assessment as directed in this court's order entered on September 30, 2014. *Ambelang I*, 12-cv-805 (dkt. #19). As explained in detail in the court's 2014 order, the ALJ must better explain: (1) how the RFC formulation accommodates findings of moderate limitations in concentration and persistence, (2) determine whether plaintiff requires an express limitation as to his ability to interact with supervisors, and (3) reflect plaintiff's established mental limitations in any hypothetical posed to a vocational expert.

ORDER

IT IS ORDERED that the June 26, 2015, decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Bryan Ambelang's application for Social Security Disability Insurance benefits is REVERSED and REMANDED. The clerk of court is directed to enter judgment for plaintiff and close this case.

IT IS FURTHER ORDERED that, in light of ALJ Gavras's findings discounting any limitations, this matter be remanded to a different ALJ, preferably ALJ Groeneveld-Meijer.

Entered this 10th day of May, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge